**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

HER RESILIENCY CENTER, et al.,

                Plaintiffs,

      v.

WES MOORE, et al.,

                Defendants.

Case No.: 1:26-cv-00582-BAH

**PLAINTIFFS' MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

## TABLE OF CONTENTS

INTRODUCTION..................................................................................................................... 3

STANDARD OF REVIEW ....................................................................................................... 4

ARGUMENT.............................................................................................................................. 5

    I.    DEFENDANTS' CLAIMS OF IMMUNITY FOR THE BREACH OF CONTRACT AND STATE CONSTITUTIONAL TORT CLAIMS ARE WITHOUT MERIT....... 6

        A.    Defendants Moore and Lennig are not immune from the breach of contract claims.................................................................................................................................... 6

        B.    Defendants are not immune from the state constitutional tort claims............... 10

    II.    PLAINTIFFS STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED FOR BREACH OF CONTRACT, AND UNDER THE MARYLAND DECLARATION OF RIGHTS, AND THE FIRST AMENDMENT (THROUGH 42 U.S.C. 1983) ................................................................................................................. 12

        A.    Plaintiffs have stated claims for breach of contract. ........................................... 12

        B.    Plaintiffs have stated claims under the Maryland Declaration of Rights and the First Amendment (through 42 U.S.C. § 1983)................................................................. 15

    III.    PLAINTIFFS VOLUNTARILY WITHDRAW THE CLAIMS FOR VIOLATIONS OF VOCA, PROMISSORY ESTOPPEL, UNJUST ENRICHMENT, MANDAMUS, AND UNCONSTITUTIONAL CONDITIONS............................................................. 18

Plaintiffs HER Resiliency Center and Natasha Guynes, by undersigned counsel, respectfully submit this Memorandum of Law in Opposition to Defendants' Motion to Dismiss.

## INTRODUCTION

Plaintiffs' Complaint describes how the State of Maryland—acting through the Governor's Office of Crime Prevention and Policy (GOCPP), Governor Wes Moore, and Executive Director Dorothy Lennig—unlawfully withheld federally funded reimbursements owed to the nonprofit Her Resiliency Center (HER), an organization that provided intensive services to victims of human trafficking, domestic violence, and sexual exploitation. Defendants engaged in a bait and switch. Under a grant agreement pursuant to the federal Victims of Crime Act (VOCA), HER advanced its own funds to deliver victim-services programs. But despite HER's compliance with all legal requirements and submission of proper documentation, Defendants then refused to reimburse hundreds of thousands of dollars in expenses and abruptly changed previously accepted eligibility criteria—without explanation—while simultaneously reducing approved funding and capping staff reimbursements. The Complaint shows how these actions run afoul of federal and state law and the parties' grant agreement, unjustly enriching the State by allowing it to benefit from services provided to crime victims without paying for them.

Defendants' illegal actions did not stop there. After HER's founder, Natasha Guynes, publicly spoke out against GOCPP's illegal cuts of victim-services funding and raised concerns with elected officials and on social media, the Complaint shows that the State began obstructing reimbursement requests, subjecting HER to prolonged audits, and ultimately terminating funding—actions that a representative of the Governor's office reportedly linked to the organization's critical posts. The Complaint alleges that this retaliation violated the First Amendment of the U.S. Constitution and Article 40 of the Maryland Declaration of Rights,

imposed unconstitutional conditions on the receipt of public funds, and chilled lawful criticism of government policy. The Complaint therefore seeks damages and injunctive and declaratory relief compelling Maryland officials to reimburse the funds and administer VOCA programs lawfully.

Defendants respond to these extensive allegations with two sets of arguments. First, they argue that some or all of Defendants enjoy immunity as to some of the claims. Second, they insist all of the claims should be dismissed for failure to state a cause of action. Plaintiffs voluntarily withdraw several of the counts. But the remainder of Defendants' arguments are entirely without merit. And to the extent that this Court concludes that the Complaint would benefit from additional details, Plaintiffs respectfully request an opportunity to amend. *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010) ("It is this Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)."); *Ebert v. Ritchey*, 54 Md. App. 388, 394 (1983) ("Maryland has repeatedly held that amendments are to be permitted freely in order to promote the ends of justice.").

**STANDARD OF REVIEW**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a Complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotations omitted). In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). However, a complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint need only set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action—"even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

## ARGUMENT

Plaintiffs' Complaint sets out claims for violations of VOCA (counts I to III), breach of contract (counts IV to VI), promissory estoppel (counts VII to IX), unjust enrichment (counts X to XII), mandamus (counts XIII to XV), and claims under the Maryland Declaration of Rights Art. 40 (counts XVI to XVIII), 42 U.S.C. § 1983 and the First Amendment (counts XIX to XX), unconstitutional conditions (counts XXI to XXIII) and 42 U.S.C. § 1983 and violations of VOCA (counts XXIV to XXV). Each of the claims (except for the section 1983 claims) is brought against three Defendants—the State of Maryland, Governor Wes Moore, and Dorothy Lennig (the Executive Director of the Governor's Office of Crime Prevention and Policy). The section 1983 claims are brought only against the state official Defendants (Moore and Lennig).

Defendants divide their motion to dismiss in two parts. First, they claim that some of the counts should be dismissed because Defendants enjoy immunity. Def. Mem. at 6-10. Second, they argue that the claims fail to state a claim on which relief can be granted. Def. Mem. at 10-

23. Defendants' arguments are without merit as to the claims for breach of contract (Counts IV-VI), Violation of Maryland Declaration of Rights Art. 40 (Counts XVI-XVIII) and 42 U.S.C. § 1983 and the First Amendment (Counts XIX-XX). Those claims therefore survive Defendants' motion to dismiss. Plaintiffs agree to voluntarily withdraw the remaining claims in the Complaint.

## I.   DEFENDANTS' CLAIMS OF IMMUNITY FOR THE BREACH OF CONTRACT AND STATE CONSTITUTIONAL TORT CLAIMS ARE WITHOUT MERIT.

Defendants argue that the claims for promissory estoppel and unjust enrichment against all three Defendants are barred by sovereign immunity, the claims for breach of contract against Defendants Moore and Lennig in their individual capacities are barred by personnel immunity, and the state constitutional tort claims against all three Defendants are barred by statutory immunity. Def. Mem. at 6-10. Defendants do not argue that they are entitled to immunity for the remaining counts in the Complaint.

Plaintiffs acknowledge that Defendants are immune from the claims for promissory estoppel and unjust enrichment, and voluntary withdraws those claims. However, as explained below, Defendants' remaining assertions of immunity fail.

### A.   Defendants Moore and Lennig are not immune from the breach of contract claims.

Defendants argue for the dismissal of the claims against them in their individual capacities (but apparently not in their official capacities). *See* Def. Mem. at 7 ("Defendants Moore and Lennig Have State Personnel Immunity in their Individual Capacity Against the Contract Claims."). However, Defendants then immediately concede that any waiver of immunity as to contract actions is inapplicable to defendants Moore and Lennig if they acted with malice or gross negligence. *See* Def. Mem. at 7-8 ("As a result, Governor Moore and Ms.

6

Lennig could only face liability for actions within the scope of their work as State officials if they acted with malice or gross negligence.") (citing State Gov't § 12-201(b); Cts. & Jud. Proc. § 5-522(b)); *see* Cts. & Jud. Proc. § 5-522(b) (no immunity if official acts or omissions were "made without malice or gross negligence"); *State v. Rovin*, 472 Md. 317, 363 (2021) ("The purpose of State personnel immunity is generally to insulate State personnel from civil liability for actions that are within the scope of employment and that are performed without malice or gross negligence.").

For purposes of these immunity provisions, Maryland courts have defined "malice" as behavior "characterized by evil or **wrongful motive**, intent to injure, knowing and deliberate wrongdoing, ill-will or fraud". *Newell v. Runnels*, 407 Md. 578, 636 (2009) (quoting *Barbre v. Pope*, 402 Md. 157, 182 (2007)) (emphasis added). And a "wrongdoer is guilty of gross negligence or acts wantonly and willfully only when he inflicts injury intentionally or is so **utterly indifferent to the rights of others** that he acts as if such rights did not exist." *Liscombe v. Potomac Edison Co.*, 303 Md. 619, 635 (1985).

That is precisely the behavior that Plaintiffs plead here. Plaintiffs allege that the purpose of the denial of reimbursement to HER for funds expended on behalf of victims of crime was to limit criticism of the current gubernatorial administration. Specifically, Plaintiffs allege that:

- "GOCPP took these actions only after HER had begun to shine a light on how GOCPP had been acting arbitrarily in ways that were harming victims of crime." Compl. ¶ 27.

- "[S]oon after HER started making her case in the media and exposing the wrongdoing to elected officials, her scores and funding suddenly were slashed." Compl. ¶ 27.

- "The chilling effect of the termination of funds was the purpose of the termination of funds." Compl. ¶¶ 239, 255, 271.

- "At least one individual on Defendant Moore's staff has identified Plaintiff Guynes social media posts as 'becoming a problem'." Compl. ¶ 32.

- "There was no legitimate, non-retaliatory reason for the termination of funding." Compl. ¶¶ 236, 252, 268.

- "Defendant's actions were done with malice and intent to limit criticism against the current gubernatorial administration." Compl. ¶¶ 240, 256, 272, 285, 299, 309, 321, 331, 341.

  And so on. *See generally* Compl. ¶¶ 27 to 33, 227-240.

Defendants do not even try to argue that such a campaign of retaliation is anything other than a "wrongful motive" for purposes of an immunity analysis. Nor could they. *See, e.g.*, *Newell*, 407 Md. at 638 (evidence that government official was agitated by plaintiffs' political speech and chose to take employment action against Plaintiffs in retaliation for such speech constitutes "malice or gross negligence" for purposes of State Gov't §12-201(b) and Cts. & Jud. Proc. § 5-522(b)); *see also Thacker v. City of Hyattsville*, 135 Md. App. 268, 306-09 (2000) (evidence indicating that an arrest was motivated by hostility to the plaintiffs' policy decisions or a desire to intimidate the plaintiffs for those decisions constitutes "malice" such that defendant was not entitled to qualified immunity).

Instead, Defendant suggest that these allegations of retaliation are "conclusory". Def. Mem. at 8. But this is not remotely a situation where a Complaint has set out just a "conclusory allegation that a public official acted 'maliciously,' without any supporting allegation of fact". *Bord v. Baltimore Cnty.*, 220 Md. App. 529, 558 (2014). Instead, across nearly two dozen paragraphs, the Complaint in this case explains how Plaintiffs engaged in protected speech, how Defendants took punitive action in response, the specific actions that Defendants took, the

arbitrary and illegitimate nature of those actions, and the direct evidence conveyed to one of the Plaintiffs that Defendants officials exhibited animus towards her speech. *See generally* Compl. ¶¶ 27 to 33, 227-240.

This more than suffices to show malice—especially at the initial pleading stage of the case. *See Twombly*, 550 U.S. at 555-56 (a complaint "does not need detailed factual allegations"—it need only set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action); *Newell*, 407 Md. at 637 (explaining that malice is "oftenest inferred from acts and circumstantial evidence . . . [and is] seldom admitted and need not be proven by direct evidence") (quoting *Henderson v. Md. Nat'l Bank*, 278 Md. 514, 520 (1976)); *Thacker*, 135 Md. App. at 307 (even at summary judgment, "malice does not always have to be shown with specificity; it can be inferred") (internal quotations omitted); *Town of Port Deposit v. Petetit*, 113 Md. App. 401, 413 (1997) ("[O]rdinarily, the presence or absence of malice is a fact to be determined at trial.").

But if this Court were to conclude that the allegations are not specifically clear at this phase of the case, dismissal is not the appropriate step. Rather, Plaintiffs should be given an opportunity to amend to provide even greater clarity—Plaintiffs are fully prepared to do so, as needed. *Galustian*, 591 F.3d at 729 ("It is this Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)."); *Ebert*, 54 Md. App. at 394, ("Maryland has repeatedly held that amendments are to be permitted freely in order to promote the ends of justice").

**B.      Defendants are not immune from the state constitutional tort claims.**

Defendants argue that they are immune from the state constitutional tort claims because Plaintiffs did not submit a written claim to the Treasury within one year of the incident pursuant to the Maryland Tort Claims Act. Def. Mem. at 9-10.

However, the General Assembly in 2015 amended the requirement that a claimant must submit a written claim as a condition to suit to permit claimants to bring a cause of action even if the claimant has failed to submit a written claim unless the State can affirmatively show prejudice. *See* State Gov't § 12-106(c)(1) ("If a claimant fails to submit a written claim in accordance with subsection (b)(1) of this section, on motion by a claimant and for good cause shown, the court may entertain an action under this subtitle **unless the State can affirmatively show that its defense has been prejudiced by the claimant's failure to submit the claim**.") (emphasis added); *see generally State v. Younger*, No. 1113, 2021 WL 1594217, at *1 n.1 (Md. Ct. Spec. App. Apr. 23, 2021) (describing this amendment to the written claim requirement). Defendants do not even acknowledge this provision, let alone argue that they have incurred prejudice here.

Moreover, the General Assembly then amended the requirement <u>again</u> a year later to provide that a written claim to the Treasurer also is unnecessary if "within 1 year after the injury to person or property that is the basis of the claim, the State has actual or constructive notice of: **the claimant's injury**; **or** (ii) the **defect or circumstances giving rise to the claimant's injury**." State Gov't § 12-106(c)(2) (emphases added); *see Younger*, 2021 WL 1594217, at *1 n.1. Here, the Complaint alleges that Plaintiff Natasha Guynes emailed Defendant Lennig requesting reimbursement of the precise amount of money now sought in this Complaint—and the correspondence were ignored. Compl. ¶ 26; *see also* Compl. ¶ 26 (Plaintiff Guynes also

previously had reached out to Defendant Moore's office to address the funding issues on multiple occasions). Defendants thus received notice of Plaintiffs' injury in August 2025; having declined to act when alerted, they cannot now plead ignorance. But should this Court find that these allegations fail to satisfy actual or constructive notice under § 12-106(c)(2), Plaintiff respectfully requests leave to amend to set out in even more detail the extensive correspondence she undertook to convey the circumstance of her injuries to Defendants.

Defendant's MTCA notice argument fails for a third reason. This Court has explained that "[c]ompliance with the MTCA's notice requirement is not necessary in a suit against individual State personnel in which it is sufficiently alleged that the defendants acted with malice or gross negligence." *McDaniel v. Arnold*, 898 F.Supp.2d 809, 849 n.37 (D. Md. 2012) (citing *Barbre v. Pope*, 402 Md. 157, 181–82 (2007)). For the reasons already described *supra*, Plaintiffs sufficiently allege that Defendants Moore and Lennig acted with malice or gross negligence—or should be given an opportunity to amend the complaint to do so.

Finally, if any procedural deficiency remains despite all of the above points, Plaintiffs should be given leave to address such deficiencies and amend the complaint accordingly. *See Gardner v. State*, 77 Md. App. 237, 242 (1988) (holding that when plaintiffs had not provided notice prior to filing of their complaint, but nonetheless were able to do so within one year of the injury, trial court should have allowed plaintiffs to amend their complaint to satisfy the MTCA notice requirement). Here, the initial funding request was made in February 2025, with modifications being requested in April 2025, and Plaintiff Guynes sending a letter to Defendant Lennig in August of 2025 for the funding. Accordingly, notice would still be timely.[1]

---

[1] Defendants argue again that they are immune from these claims in their individual capacity because they did not act with malice, but they simply repeat the points they made earlier in their paper on this point. Def. Mem. at 10.

II.    **PLAINTIFFS STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED FOR BREACH OF CONTRACT, AND UNDER THE MARYLAND DECLARATION OF RIGHTS, AND THE FIRST AMENDMENT (THROUGH 42 U.S.C. 1983)**

Defendants argue that Plaintiffs have failed to state a claim as to all of their claims. As Plaintiffs explain below, their arguments fail as to the breach of contract, Maryland Declaration of Rights, and 42 U.S.C. 1983 / First Amendment claims. Should this Court find that the Complaint is deficient, Plaintiffs respectfully request the opportunity to amend. Plaintiffs voluntarily withdraw the remaining claims.

A.    **Plaintiffs have stated claims for breach of contract.**

Defendant makes two arguments as to the breach of contract claims. First, they argue that the claims should be dismissed because of a "lack of detail in the complaint." Def. Mem. at 13-14. Second, they argue that the claims should be dismissed as to Moore or Lennig because the complaint does not allege they were parties to any contract. Def. Mem. at 15-16. Neither of these arguments warrant dismissal.

As to the lack of detail, here is what Plaintiff alleged:

- "HER and the State of Maryland entered into a grant agreement or contract whereby the State agreed to reimburse HER for eligible expenses incurred in providing services to crime victims under VOCA." Compl. ¶ 78.

- "HER performed or tendered performance under the contract, including providing direct services to victims of crimes including human trafficking, sexual exploitation, and domestic abuse." Compl. ¶ 79.

- "HER submitted all required documentation for reimbursement in accordance with the terms of the contract." Compl. ¶ 81.

- "The State of Maryland breached the contract by failing to reimburse HER for eligible expenses as required by the terms of the contract." Compl. ¶ 83.

- "As a direct and proximate result of the State of Maryland's breach, HER has suffered damages in an amount not less than $218,861.11, representing the unreimbursed expenses that HER incurred in reliance on the contract." Compl. ¶ 85

Defendants variously complains that the Complaint does not specify what "expenses" or "services" are "eligible" for reimbursement under the agreement, or what persons count as "crime victims" for purpose of the agreement, or the "exact" provisions of the contract that were violated. Def. Mem. at 14. This is a strained argument in the particular circumstances of the case: There is an entire federal statutory framework that details what expenses and services are eligible for reimbursement. That same framework determines who is an eligible crime victim. The information is readily available to Defendants. They do not explain why this information is relevant to the breach of the obligation to pay. And the Complaint is quite clear that Defendants violated the contractual provision that obligates Defendants to pay them for the services performed. Compl. ¶ 83.

Nonetheless, if the breach of contract claim would benefit from additional clarity, the settled approach is not to dismiss the case out of hand, but to provide Plaintiffs with leave to amend to provide the requested specificity. *Dern v. Liberty Mut. Ins. Co.*, No. GJH-15-1737, 2015 WL 8665329, at *4 (D. Md. Dec. 11, 2015) (holding that where court found the complaint did not provide the necessary specificity as to the implicated contractual provisions for breach of contract claim, "the Court will decline Defendant's invitation to dismiss this count with prejudice and will allow Plaintiff the opportunity to amend the Complaint", and citing *Ostrzenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir. 1999) for the proposition that the "federal rule policy of deciding

13

cases on the basis of the substantive rights . . . rather than on technicalities requires that [a] plaintiff be given every opportunity to cure a formal defect in his pleading.")).

*Even Defendants' own cases* stand for the rule that leave to amend is the correct approach here. Defendants rely on *RRC Northeast, LLC v. BAA Maryland, Inc.*, 413 Md. 638 (2010) for the proposition that dismissal with prejudice is appropriate if a plaintiff is insufficiently clear in a breach of contract claim. Def. Mem. at 14. But what actually transpired in *RRC Northeast* is that the plaintiffs filed their original complaint, and the circuit court found that that complaint was too vague as to what particular contractual terms were breached—and so the court "**gave RRC leave to amend the Original Complaint within 30 days**." *Id.* at 437 (emphasis added). (The court even allowed discovery to proceed while the complaint was being amended! *See id.*). Only after the plaintiff again failed to provide the necessary detail in an amended complaint was the breach of contract claim dismissed. *Id.* If this Court concludes the breach of contract claim is insufficiently clear in the present care, Plaintiffs merely ask for the same opportunity to amend that Defendants' own case law provided.

Defendants also argue that the breach of contract claim should be dismissed as to Defendants Moore and Lennig because they are not parties to the contract. Def. Mem. at 15-16. However, they cite no law for this notion. Courts allow breach of contract claims to proceed against state officials as long as those officials are not entitled to sovereign immunity. *See, e.g.*, *Jacob Doe v. The University of North Carolina System*, 133 F.4th 305, 315 n.4 (4th Cir. 2025) (federal district court "declined to dismiss Doe's state law claims against the employee defendants for breach of contract"; defendants did not even try to appeal this ruling); *Samuels v. Tschechtelin*, 135 Md. App. 483, 514 (2000) (explaining how circuit court allowed breach of contract claim to proceed against state board and state official "in their official capacities",

denying defendants' motion for summary judgment). At the outset of the case, it is premature to say that Defendants cannot be held liable for their role in the contract breach. But here too, if additional clarity as Defendants' involvement would be helpful, Plaintiffs respectfully request leave to amend.

**B.      Plaintiffs have stated claims under the Maryland Declaration of Rights and the First Amendment (through 42 U.S.C. § 1983)**

Defendants argue that the claims for retaliation against constitutionally protected speech under the Maryland Declaration of Rights and 42 U.S.C. § 1983 and the First Amendment should be dismissed for two reasons. Def. Mem. at 19-21. Neither argument has merit.

First, Defendants argue that Plaintiffs fail to state a section 1983 claim against Moore or Lennig because the Complaint alleges it is the State, rather than either of them, that allegedly took the adverse action of not reimbursing HER. But this is simply wrong. To bring a section 1983 claim against state officials in their individual capacity, it suffices to plead "that the official charged **acted personally in the deprivation** of the plaintiff's right." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (emphasis added); *King v. Rubenstein*, 825 F.3d 206, 223 (4th Cir. 2016) ("it is enough to show that the official, **acting under color of state law**, caused the deprivation of a federal right." (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (emphasis added)). The plaintiff need only plead that each Government-official, **through the official's own individual actions**, has violated the constitution." *Iqbal*, 556 U.S. at 677 (emphasis added).

That is precisely what the Complaint sets out here. The allegations as to Defendant Moore include:

- Defendant Moore was made aware of the promise to HER on multiple occasions. Compl. ¶ 135-36.

15

- Defendant Moore's office endorsed the refusal to address the funding issues. Compl. ¶ 26.

- Defendant's Moore's staff identified Plaintiffs Guynes' social media post as "becoming a problem". Compl. ¶ 32.

- Defendant State of Maryland "at the direction of Defendant Moore took adverse action against Plaintiffs" in response to the protected speech. Compl. ¶ 247.

- Defendant Moore has ultimate responsibility for ensuring that state agencies comply with federal law and was responsible for ensuring that the State fulfill its promise to HER. Compl. ¶¶ 54, 134.

- Defendant Moore was acting under color of state of law when terminating the reimbursement of funds to HER. Compl. ¶¶ 282-83.

And the same as to Defendant Lennig:

- Defendant Lennig is Executive Director of the office responsible for distribution of funds under VOCA. Compl. ¶ 4.

- Defendant Lennig failed to ensure proper administration of VOCA funds. Compl. ¶ 59.

- Defendant Lennig ignored Plaintiffs' request to her for reimbursement of funds. Compl. ¶ 26.

- Defendant Lennig was made aware of the promise of funds on multiple occasions. Compl. ¶ 149.

- Defendant Lennig is responsible for the benefits conferred to it, and she accepted the benefits of the HER on its behalf and refused to compensate HER. Compl. ¶ 149.

- Defendant State of Maryland "at the direction of Defendant Lennig took adverse action against Plaintiffs." Compl. ¶ 263.

- Defendant Lennig was acting under color of state of law when terminating the reimbursement of funds to HER. Compl. ¶¶ 282-83.

Defendants cite no law for their suggestion that anything more is required at this stage of the case. Plaintiffs' Complaint suffices.

Next, Defendants say that Plaintiffs did not allege that Plaintiffs knew about Defendants' speech activities and social media posts. Def. Mem. at 20. But Defendants simply ignore the heart of Plaintiffs allegations here. The Complaint alleges at length that Plaintiffs reached out to the governor's office on multiple occasions to address the funding issues, Compl. ¶ 26; that social media posts complaining about Defendants' activities tagged Defendant Moore and GOCPP, the agency Defendant Lennig directed, Compl. ¶ 29; and that a member of Defendant Moore's staff stated that the Plaintiffs' social media posts were becoming a problem, Compl. ¶ 32. That is, the Complaint explains that Plaintiffs communicated their complaints directly to the Defendants and that Defendants' agents conveyed to Plaintiffs that they knew about (and were unfavorably disposed to) the speech in question. It is unclear how Plaintiffs could allege with any greater precision what Defendants themselves knew at the time in question. Indeed, one of Defendant's own cases confirm that such allegations suffice at the pleading stage. *See Constantine v. Rectors & Visitors of George Mason Univ.,* 411 F.3d 474, 499 (4th Cir. 2005) (cited at Def. Mem. at 20) (denying motion to dismiss where the "complaint alleges that Constantine made her complaints personally to several of the defendants and other GMU officials").

17

Finally, Defendants claim the Complaint is deficient because it pleads that the State terminated funding "shortly after" the protected speech, but does not quantify the precise span of time between their speech and the adverse action. Def. Mem. at 21. But Defendants cite no law for the proposition that a precise number of days is required in a complaint to survive a motion to dismiss. And it is not. Courts have held squarely that "shortly after" language is sufficient to state at the pleading stage to state an unconstitutional retaliation claim. *See Martin v. Duffy*, 858 F.3d 239, 250 (4th Cir. 2017) (citing Ninth Circuit case for the proposition that "plaintiff alleged a sufficient connection between defendants' retaliatory actions and plaintiff's protected activity where plaintiff alleged defendants "took the adverse actions **shortly after**, and 'in retaliation' for, plaintiff's filing of grievances against one of the defendants") (alterations omitted) (emphasis added) (citing *Watison v. Carter*, 668 F.3d 1108, 1115 (9th Cir. 2012)).

Regardless, should the Court find merit in Defendants' position on the constitutional claims, Plaintiffs would request leave to amend to provide greater clarity.

III.    **PLAINTIFFS VOLUNTARILY WITHDRAW THE CLAIMS FOR VIOLATIONS OF VOCA, PROMISSORY ESTOPPEL, UNJUST ENRICHMENT, MANDAMUS, AND UNCONSTITUTIONAL CONDITIONS.**

In light of the survival of the contract and state and federal constitutional claims, Plaintiffs agree to voluntarily withdraw Counts I-III (violations of VOCA), Counts VII-IX (promissory estoppel), Counts X-XII (unjust enrichment), Counts XIII-XV (mandamus), Counts XXI-XXIII (unconstitutional conditions), and Counts XXIV-XXV (42 U.S.C. § 1983 Claim for Violation of VOCA).

18

**CONCLUSION**

For the foregoing reasons, Plaintiffs have stated claims that can be granted and, with the

exception of the counts that they have voluntarily withdrawn, respectfully request that

Defendants' Motion to Dismiss be denied.


Respectfully submitted,


**W. Timothy Sutton, Esquire**
Bar Number 27912
Nguyen Roche Sutton
6 E. Eager Street
Baltimore, Maryland 21202
410-812-1435
Email: tim@nguyenroche.com
Attorney for Plaintiffs