**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| HER RESILIENCY CENTER, INC., *et al.*, | * | |
| *Plaintiffs*, | * | |
| v. | * | No. 1:26-cv-00582-BAH |
| | * | |
| WES MOORE, *et al.*, | | |
| *Defendants*. | * | |

* * * * * * * * * * * *

**ANSWER OF DEFENDANTS DOROTHY LENNIG AND THE STATE OF MARYLAND**

Defendants Dorothy Lennig, Executive Director of the Governor's Office of Crime Prevention and Policy (GOCPP), in her official and individual capacity, and the State of Maryland (collectively, "Defendants"),[1] by undersigned counsel, hereby answer the Complaint (the "Complaint") filed against them by Plaintiffs HER Resiliency Center, Inc. and Natasha Guynes (collectively, "Plaintiffs"), and state as follows:

1. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 1 of the Complaint.

2. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 2 of the Complaint.

[1] Wes Moore, Governor of Maryland, was also named as a defendant in the Complaint, but all claims against him were dismissed, and he was dismissed as a defendant in this case, by this Court's August 21, 2026 Order. (ECF 15.)

3. Defendants admit the allegation in paragraph 3 of the Complaint to the extent that Wes Moore is Governor of Maryland and the chief executive of the Executive Branch, but the other allegations in paragraph 3 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

4. Defendants admit the allegation in paragraph 4 of the Complaint to the extent that Ms. Lennig is the Executive Director of the Governor's Office of Crime Prevention and Policy, but the other allegations in paragraph 4 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

5. The allegations contained in paragraph 5 of the Complaint constitute legal conclusions to which no response is required.

6. The allegations contained in paragraph 6 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

7. The allegations contained in paragraph 7 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

8. The allegations contained in paragraph 8 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

9. The allegations contained in paragraph 9 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

10. The allegations contained in paragraph 10 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

11. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 11 of the Complaint. In addition, the allegations contained in paragraph 11 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

12. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 16 of the Complaint.

17. The allegations contained in paragraph 17 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

18. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 18 of the Complaint. In addition, the allegations contained in paragraph 18 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

19. The allegations contained in paragraph 19 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

20. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 20 of the Complaint. In addition, the allegations contained in paragraph 20 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Moreover, to the extent any written agreement exists between HER Resiliency Center and the State, the written agreement speaks for itself.

21. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 21 of the Complaint. In addition, the allegations contained in paragraph 21 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

22. The allegations contained in paragraph 22 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

23. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 23 of the Complaint. In addition, the allegations contained in paragraph 23 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint concerning actions by Defendants. Defendants are without knowledge or information sufficient to admit or deny the other allegations contained in paragraph 26 of the Complaint. To the extent the allegations reference any written communications, the written communications speak for themselves.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint concerning actions by Defendants. Defendants are without knowledge or information sufficient to admit or deny the other allegations contained in paragraph 27 of the Complaint.

28. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint concerning actions by Defendants. Defendants are without knowledge or information sufficient to admit or deny the other allegations contained in paragraph 31 of the Complaint.

32. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 33 of the Complaint.

**COUNT I**
**VIOLATION OF THE VICTIM OF CRIMES ACT (State of Maryland)**

33-46. This Court dismissed Count I. (ECF 15.) Accordingly, Defendants do not respond to the allegations herein.

**COUNT II**
**VIOLATION OF THE VICTIM OF CRIMES ACT (Governor Moore)**

47-60. This Court dismissed Count II, and dismissed Governor Moore as a defendant. (ECF 15.) Accordingly, Defendants do not respond to the allegations herein.

**COUNT III**
**VIOLATION OF THE VICTIM OF CRIMES ACT (Ms. Lennig)**

61-74. This Court dismissed Count III. (ECF 15.) Accordingly, Defendants do not respond to the allegations herein.

## COUNT IV
## BREACH OF CONTRACT (State of Maryland)

75. Defendants restate and incorporate by reference all preceding paragraphs as if fully set forth herein.

76. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 76 of the Complaint.

77. The allegations contained in paragraph 77 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

78. The allegations contained in paragraph 78 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. To the extent any written agreement exists between HER Resiliency Center and the State, the written agreement speaks for itself.

79. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 79 of the Complaint.

80. The allegations contained in paragraph 80 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

81. The allegations contained in paragraph 81 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

82. The allegations contained in paragraph 82 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

83. The allegations contained in paragraph 83 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

84. The allegations contained in paragraph 84 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

85. The allegations contained in paragraph 85 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT V**
**BREACH OF CONTRACT (Governor Moore)**

86-98. This Court dismissed Count V, and dismissed Governor Moore as a defendant. (ECF 15.) Accordingly, Defendants do not respond to the allegations herein.

**COUNT VI**
**BREACH OF CONTRACT (Ms. Lennig)**

99-111. This Court dismissed Count VI. (ECF 15.) Accordingly, Defendants do not respond to the allegations herein.

**COUNT VII**
**PROMISSORY ESTOPPEL (State of Maryland)**

112-123. This Court dismissed Count VII. (ECF 15.) Accordingly, Defendants do not respond to the allegations herein.

**COUNT VIII**
**PROMISSORY ESTOPPEL (Governor Moore)**

124-138. This Court dismissed Count VIII, and dismissed Governor Moore as a defendant. (ECF 15.) Accordingly, Defendants do not respond to the allegations herein.

**COUNT IX**
**PROMISSORY ESTOPPEL (Ms. Lennig)**

139-152. This Court dismissed Count XI. (ECF 15.) Accordingly, Defendants do not respond to the allegations herein.

**COUNT X**
**UNJUST ENRICHMENT (State of Maryland)**

153-166. This Court dismissed Count X. (ECF 15.) Accordingly, Defendants do not respond to the allegations herein.

**COUNT XI**
**UNJUST ENRICHMENT (Governor Moore)**

167-181. This Court dismissed Count XI, and dismissed Governor Moore as a defendant. (ECF 15.) Accordingly, Defendants do not respond to the allegations herein.

**COUNT XII**
**UNJUST ENRICHMENT (Ms. Lennig)**

182-195. This Court dismissed Count XII. (ECF 15.) Accordingly, Defendants do not respond to the allegations herein.

**COUNT XIII**
**MANDAMUS (State of Maryland)**

196-204. This Court dismissed Count XIII. (ECF 15.) Accordingly, Defendants do not respond to the allegations herein.

**COUNT XIV**
**MANDAMUS (Governor Moore)**

205-214. This Court dismissed Count XIV, and dismissed Governor Moore as a defendant. (ECF 15.) Accordingly, Defendants do not respond to the allegations herein.

**COUNT XV**
**MANDAMUS (Ms. Lennig)**

215-224. This Court dismissed Count XV. (ECF 15.) Accordingly, Defendants do not respond to the allegations herein.

**COUNT XVI**
**VIOLATION OF ART. 40 OF MD. DECL. OF RIGHTS (State of Maryland)**

225-240. This Court dismissed Count XVI. (ECF 15.) Accordingly, Defendants do not respond to the allegations herein.

**COUNT XVII**
**VIOLATION OF ART. 40 OF MD. DECL. OF RIGHTS (Governor Moore)**

241-256. This Court dismissed Count XVII, and dismissed Governor Moore as a defendant. (ECF 15.) Accordingly, Defendants do not respond to the allegations herein.

**COUNT XVIII**
**VIOLATION OF ART. 40 OF MD. DECL. OF RIGHTS (Ms. Lennig)**

257-272. This Court dismissed Count XVIII. (ECF 15.) Accordingly, Defendants do not respond to the allegations herein.

**COUNT XIX**
**VIOLATION OF FIRST AMENDMENT RIGHTS, 42 U.S.C. § 1983**
**(Governor Moore)**

273-285. This Court dismissed Count XIX, and dismissed Governor Moore as a defendant. (ECF 15.) Accordingly, Defendants do not respond to the allegations herein.

**COUNT XX**
**VIOLATION OF FIRST AMENDMENT RIGHTS, 42 U.S.C. § 1983**
**(Ms. Lennig)**

286. Defendants restate and incorporate by reference all preceding paragraphs as if fully set forth herein.

287. The allegations contained in paragraph 287 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

288. The allegations contained in paragraph 288 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

289. The allegations contained in paragraph 289 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

290. The allegations contained in paragraph 290 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

291. The allegations contained in paragraph 291 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

292. Defendants deny the allegations contained in paragraph 292 of the Complaint concerning actions by Defendants. In addition, the allegations contained in paragraph 292 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

293. Defendants deny the allegations contained in paragraph 293 of the Complaint concerning actions by Defendants.

294. Defendants deny the allegations contained in paragraph 294 of the Complaint concerning actions by Defendants.

295. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 295 of the Complaint.

296. Defendants deny the allegations contained in paragraph 296 of the Complaint concerning actions by Defendants. In addition, the allegations contained in paragraph 296 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

297. Defendants deny the allegations contained in paragraph 297 of the Complaint concerning actions by Defendant Lennig. This Court dismissed Governor Moore as a defendant. (ECF 15.) Accordingly, Defendants do not respond to the allegations in paragraph 297 concerning him. In addition, the allegations contained in paragraph 297

of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

298. The allegations contained in paragraph 298 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

299. Defendants deny the allegations contained in paragraph 299 of the Complaint concerning actions by Defendants. In addition, the allegations contained in paragraph 299 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT XXI**
**UNCONSTITUTIONAL CONDITIONS (State of Maryland)**

300-309. This Court dismissed Count XXI. (ECF 15.) Accordingly, Defendants do not respond to the allegations herein.

**COUNT XXII**
**UNCONSTITUTIONAL CONDITIONS (Governor Moore)**

310-321. This Court dismissed Count XXII, and dismissed Governor Moore as a defendant. (ECF 15.) Accordingly, Defendants do not respond to the allegations herein.

**COUNT XXIII**
**UNCONSTITUTIONAL CONDITIONS (Ms. Lennig)**

322-331. This Court dismissed Count XXIII. (ECF 15.) Accordingly, Defendants do not respond to the allegations herein.

**COUNT XXIV**
**VIOLATION OF VOCA, 42 U.S.C. § 1983 (Governor Moore)**

332-341. This Court dismissed Count XXIV, and dismissed Governor Moore as a defendant. (ECF 15.) Accordingly, Defendants do not respond to the allegations herein.

**COUNT XXV**
**VIOLATION OF VOCA, 42 U.S.C. § 1983 (Ms. Lennig)**

342-351. This Court dismissed Count XXV. (ECF 15.) Accordingly, Defendants do not respond to the allegations herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a cause of action upon which any relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred because they suffered no damage caused by any act or omission of Defendants.

### Third Affirmative Defense

To the extent Plaintiffs suffered damages, none being admitted, they failed to mitigate their damages.

### Fourth Affirmative Defense

Plaintiffs' claims are barred by anticipatory breach.

### Fifth Affirmative Defense

Plaintiffs' claims are barred by unclean hands.

### Sixth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of lack of capacity to sue.

**Seventh Affirmative Defense**

Plaintiffs' claims are barred by the statute of limitations.

**Eighth Affirmative Defense**

Plaintiffs' claims are barred by the doctrine of waiver.

**WHEREFORE**, having fully answered the Complaint, Defendants the State of Maryland and Dorothy Lennig request that this Honorable Court deny the relief requested in the Complaint, enter judgment in favor of the Defendants and against the Plaintiffs, award the Defendants their costs and attorney fees incurred in defending this action, and grant such further relief as this Court may deem just and appropriate

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Jeffrey S. Luoma

JEFFREY S. LUOMA
Federal Bar No. 30791
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place
Baltimore, Maryland 21202
jluoma@oag.maryland.gov
(410) 576-6441
(410) 576-6955 (facsimile)

September 11, 2026

Attorneys for Defendants the Honorable Wes Moore, Dorothy Lennig, and the State of Maryland.

**CERTIFICATE OF SERVICE**

I certify that, on this 11th day of September, 2026, the foregoing was served by CM/ECF on registered users.

/s/ Jeffrey S. Luoma
______________________________
Jeffey S. Luoma